**John McCLAIN, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**No. CA/4813.**

United States District Court
D. South Carolina,
Spartanburg Division.

May 10, 1966.

---

8. September is used as the month; nothing herein prevents commencement of normal school year in August or October.

Whiteside & Pruitt, Spartanburg, S. C., for plaintiff.

John C. Williams, U. S. Atty., Robt. O. DuPre, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, District Judge.

This is an action by the plaintiff John McClain to review a final decision of the defendant Secretary, denying the plaintiff's application for a period of disability and disability benefits authorized by the Social Security Act, Sections 216(i) and 223. Jurisdiction exists pursuant to Section 205(g) of the Social Security Act, Title 42 U.S.C.A. § 405(g).

■ Under the review provision, 42 U.S.C.A. § 405(g), I am limited to a determination as to whether the Secretary's findings are supported by substantial evidence.

■■ In accordance with such determination I may, on the basis of the record, enter judgment affirming, modifying or reversing the Secretary's decision, with or without remanding the case for a rehearing. A hearing de novo may not be held on the record and I may not in considering the facts substitute my findings or inferences for those of the Hearing Examiner which are supported by substantial evidence.

■ As was said by Judge Bell in Underwood v. Ribicoff, C.A.4, 298 F.2d 850 (1962), " * * * there are four elements of proof to be considered in making a finding of Claimant's ability or inability to engage in any substantial gainful activity. These are: (1) the objective medical facts, which are the clinical findings of treating or examining physicians divorced from their expert judgments or opinion as to the significance of these clinical findings, (2) the diagnoses, and expert medical opinions of the treating and examining physicians on subsidiary questions of fact, (3) the subjective evidence of pain and disability testified to by Claimant, and corroborated by his wife and his neighbors, (4) Claimant's educational background, work history, and present age."

■ While the claimant has the burden of proving his inability to perform any substantial gainful activity, it is not expected that this burden shall be carried to a point beyond a reasonable doubt. Thomas v. Celebrezze, C.A.4, 331 F.2d 541 (1964); Ollis v. Ribicoff, W.D. N.C., 208 F.Supp. 644 (1962). A claimant is not required to negative every remote possibility that a fertile imagination may conjure up. Butler v. Flemming, C.A.5, 288 F.2d 591 (1961); Underwood v. Ribicoff, supra.

■ The test of claimant's disability or inability to engage in any substantial gainful activity is a subjective one, and he need not establish complete absence of any opportunity for substantial gainful employment but need only establish that he has become disabled from employment in any work in which he could profitably seek employment in light of his physical and mental capacity and his education, training and experience, and he need not be totally helpless or bedridden. Jarvis v. Ribicoff, C.A.6, 312 F.2d 707 (1963).

As Judge Sobeloff said in Thomas v. Celebrezze, supra, "There really are two steps to a finding of disability: first, a finding of a 'medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration', and, second, a finding that the impairment in fact causes an inability to 'engage in any substantial gainful activity * * *.' Butler v. Flemming, 288 F.2d 591, 593 (5th Cir. 1961). But in regard to the second step, the abstract 'average' man is not the criterion. The inquiry must be directed to the particular claimant; not to people in general or even claimants in general. Pearman v. Ribicoff, 307 F.2d 573 (4th Cir. 1962)."

Plaintiff was born on February 9, 1910. He completed the second grade in school and can write his name though otherwise he can neither read nor write. His employment has been by cotton warehouses and textile mills and some of his duties were trucking bales of cotton on handtrucks. He wrenched his back in February, 1960, while employed at Mayfair Mill but continued to work until March 12, 1960, when he alleges he was

no longer able to follow this employment because of his physical condition. He stated that the job he worked at most in the three years before his injury was at the receiving platform at the mill warehouse weighing cotton.

Dr. L. G. Able on July 11, 1960, diagnosed plaintiff's condition as osteoarthritis of the lumbosacral spine and loss of mental alertness and desire.

Dr. J. C. Bull submitted some six reports, the last one dated October 17, 1963, in which he diagnosed plaintiff's condition as chronic progressive osteoarthritis of the spine and myoarthritis of the hips, right shoulder and elbow. In his last report Dr. Bull gave as his opinion that the plaintiff was totally and permanently disabled for employment. Dr. Bull's report of September 8, 1960, was almost identical with his last report.

Dr. Wendell H. Tiller, Orthopedic Specialist, in a report dated October 25, 1960, stated that "X-rays of the lumbosacral spine showed rather marked sacroiliac arthritis and some arthritis in the lumbar vertebrae, more marked in the upper segments." His report also disclosed that the plaintiff was limited in his forward bend at 35–40° and also that there was some hypertrophic joint disease in all the lumbar vertebrae, more marked in the upper segments.

Dr. Walter G. Coker, specialist in internal medicine, stated in his report of August 29, 1961, that x-rays showed arthritic changes in the right elbow and lumbosacral segments of the spine. He further stated, "It is my impression that this applicant has many psychoneurotic tendencies and that his arthritic complaints are exaggerated."

The report of Dr. Iverson O. Brownell, specialist in psychiatry, dated March 31, 1962, states that the plaintiff appeared to be in rather severe pain in all of his movements and had some difficulty getting up on the chair and that he would judge him to have an I.Q. of about seventy; that from "a psychiatric standpoint this man represents a personality disorder, inadequate and moderately mental deficiency."

Dr. Rembert O. Burgess, specialist in internal medicine, in his last report of January 21, 1964, gave as his final diagnosis of the condition of the plaintiff that he was suffering from: 1. Osteoarthritis right elbow; 2. Mechanical low back disorder due to strain; 3. Emphysema, mild; 4. Late latent syphilis.

Dr. John E. Keith, Orthopedic Specialist, in his report dated February 14, 1964, gave as his opinion as to the patient's condition "long standing degenerative arthritis of the lumbar spine and old traumatic arthritis of the right elbow."

The medical reports are replete with subjective evidence of pain and disability. Ever since he strained his back in 1960, plaintiff has had pain in the lumbar region of his back. The pain, more or less constantly present, is usually across his back, and is aggravated by bending over and straightening up, as well as by walking, coughing, or sneezing. Because of the severity of the pain, plaintiff states that he is unable to do any lifting, stooping or squatting. The pain occasionally radiates down the back of his legs, mostly on the right. Several weeks after his back injury, plaintiff began to have pain in the right elbow, which has gradually become more severe. He states that it is only with great difficulty that he can extend or flex his forearm. He says that he cannot use his right hand, which he held in a stiff position when attended by Dr. Keith in February, 1964. The pain in his right side, he told Dr. Brownell in 1962, radiated around his back into his left hip, and he had pain and weakness in his legs and inability to straighten his right arm. Plaintiff sits around the house and watches television. At times he has to have help in dressing, bathing and shaving. He stated that he cannot walk over a block without getting tired. He walks with a limp, mainly on the left side. He has a slight stammer and the right eye is somewhat bloodshot and yellow. Plaintiff states that he cannot hear well out

of his left ear. His head has been "burning" across his forehead. He also has varicose veins in his left leg.

■■ The final element to be considered is the plaintiff's educational background, work history, present age with respect to possible employment in light of his physical and mental capacity. The Hearing Examiner in his decision stated "It is clear that claimant has the capacity to perform activities required for light work during the period of time involved here." He further said, "The Hearing Examiner is very well aware of the fact that his condition may preclude performance of very heavy manual labor". It is difficult to conceive of any work other than manual labor at which the plaintiff could successfully compete with an I.Q. of seventy, and in his present physical condition the avenues of employment are closed to him. Heavy manual labor is all that plaintiff has ever known. Theoretically, of course, a bedridden person could conceivably perform certain employment by the use of his hands. In testing the capacity of a claimant to work his age, training, work experience and physical and mental faculties must be considered. Hicks v. Flemming, C.A.5, 302 F.2d 470 (1962). It is not enough to show a mere theoretical ability to engage in substantial gainful activity. It must be shown that there is a reasonable opportunity for him to engage in such activity. Celebrezze v. Warren, C.A.10, 339 F.2d 833 (1964).

As was said in Goodwin v. Celebrezze, W.D.La., 239 F.Supp. 487 (1965) "However, the principal issue in this case is whether this physical and mental impairment renders him unable 'to engage in any substantial gainful activity.'"

■ After a careful examination of the record in this case and the foregoing authorities, I am of the opinion that the final decision of the Secretary is not supported by substantial evidence and is clearly erroneous. On the contrary, the conclusion that plaintiff is unable to engage in any substantial gainful activity appears self-evident to me. Plaintiff in this case is the victim of a medically determinable impairment of serious and substantial proportions which can only be expected to be of long and indefinite duration. As a direct result of his physical and mental impairments plaintiff has been unable since March 13, 1960, to follow his life-long employment in manual labor jobs. Plaintiff's physical and mental impairments, when considered in connection with his individual circumstances of age, work experience, education, training and skill, serve to eliminate effectively, any reasonable possibility of suitable employment or employment for which plaintiff is qualified; he is unable to perform any substantial service with reasonable regularity in some competitive employment or self-employment.

Under the foregoing authorities, I must conclude that the findings of the Hearing Examiner as to the establishment of a period of disability and disability insurance benefits are not supported by substantial evidence on the record considered as a whole and under the authority for appeal given by 42 U.S.C.A. § 405 (g) the conclusion of the Secretary that the claimant was not entitled to the period of disability and the disability insurance benefits was clearly erroneous, was incorrect, and must, therefore, be reversed.

It is, therefore, ordered, that the decision of the Secretary in this case be and the same is hereby reversed, with direction that judgment be entered for the plaintiff; and that the motion of the defendant for summary judgment be and the same is hereby denied.