Metro **KRESCHALK**, Plaintiff,

v.

John W. **GARDNER**, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 66–852.

United States District Court
W. D. Pennsylvania.

April 7, 1967.

Gustave Diamond, Pittsburgh, Pa., for defendant.

Ralph J. Talarigo, Portage, Pa., for plaintiff.

## OPINION

DUMBAULD, District Judge.

This is a proceeding under 42 U.S.C. § 405(g) to review a final decision of the Secretary of Health, Education, and Welfare (alias Appeals Council of the Social Security Administration) dated June 17, 1966, denying plaintiff's claim for disability benefit under 42 U.S.C. §§ 416(i) and 423. Disability is defined by the former section and amendment thereto of July 30, 1965, as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which can be expected to result in death or to be of long-continued and indefinite duration or has lasted or can be expected to last for a continuous period of not less than twelve months.[1]

---

1. According to defendant's brief: "Section 303(a) of Public Law 89–97, July 30, 1965, amends sections 216(i) and 223 of the Social Security Act by substituting for the requirement that an individual's impairment must be expected to be of long-continued and indefinite duration or to result in death, a new requirement that he must have been under a disability which could be expected to result in death or which has lasted or could be expected to last for a continuous period of not less than 12 calendar months. A period of disability by reason of this change may be established pursuant to the provisions of section 303(f) of the Public Law, for periods of disability beginning as early as October 1941 but benefits are payable only beginning September 1965 or the seventh month in which an individual has been determined to be under a disability under the amended test in section 303(a) of the Public Law, whichever is later. This new requirement also applies to cases in court

Upon review of the whole record, we enter judgment reversing the decision of the Secretary, and holding that his finding that plaintiff is not suffering from "disability" as defined by the statute is not supported by substantial evidence. Parfenuk v. Flemming, 182 F.Supp. 532, 535–536 (D.Mass.1960); Knelly v. Celebrezze, 249 F.Supp. 521, 525–536 (M.D. Pa.1966); Farley v. Celebrezze, 315 F. 2d 704, 706–708 (C.A.3, 1963); Stancavage v. Celebrezze, 323 F.2d 373, 377–378 (C.A.3, 1963). We are not convinced that "genuine employment opportunity" has been shown. 323 F.2d at 378.

Concededly (Defendant's ꞏBrief, p. 9) the plaintiff, a coal miner, 52 years old, with a sixth grade education, is no longer able to work in the mines. In addition to the primary disabilities of silicosis and emphysema which he alleges, he has a history of other illnesses. The record is replete with medical testimony establishing plaintiff's infirmities. (For a full summary of this testimony, see Defendant's Brief, pp. 3–6).

The Government relies chiefly upon the opinion of a psychologist, one Glen U. Cleeton, who enumerated from a supplement to the Dictionary of Occupational Titles a number of job descriptions for which he considered plaintiff suited, but after some hesitation stated that he had no personal experience regarding the availability of such jobs in the area where plaintiff lived. (Tr. 85–86).

In view of plaintiff's admitted physical condition, it is quite clear even from Mr. Cleeton's testimony (Tr. 88), that plaintiff would undoubtedly be rejected by the medical examiner of a prudent employer.

Upon review of the evidence of record, in the light of the above-cited authorities, the Secretary's decision must be reversed. "Viewing the record as a whole, the evidence falls short of showing genuine employment opportunities available to someone like plaintiff with his back-

in which judicial review of the claim was not completed before July 1965. The instant case has been decided under both

ground and condition." 249 F.Supp. at 526.

## JUDGMENT

And now, this 7th day of April, 1967, defendant's motion for summary judgment is denied and the decision of the Secretary is reversed and the cause remanded to the Secretary with directions that plaintiff be granted a period of disability and disability benefits in accordance with the decision of this Court.

the prior law and the amended Act as set forth above."