George M. LEMLEY, Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.

No. 21082.

United States Court of Appeals Fifth Circuit. April 28, 1964.

George C. Longshore, Birmingham, Ala., for appellant.

Sherman L. Cohn, Edward Berlin, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Macon L. Weaver, U. S. Atty., for appellee.

Before CAMERON and BELL, Circuit Judges, and INGRAHAM, District Judge.

PER CURIAM:

The question presented by this appeal is whether there was substantial evidence to support the finding of the Secretary that appellant was not entitled to Social Security Disability Benefits because he had failed to establish the existence of a medically determinable physical impairment which rendered him unable to engage in any substantial gainful activity within the meaning of the Social Security

Act. 42 U.S.C.A. §§ 405(g), 416(i), and 423.

Appellant, born in 1908 and suffering from bronchial asthma, silicosis, and heart trouble, contended that he was under the burden of such an impairment. His entire employment of thirty seven years had been with the Tennessee Coal and Iron Company in its ore mining operations. His work assignments were varied and mostly in the nature of manual labor. Some had to do with cleaning, maintaining and operating engines and machinery used in ore mining. They were both in and out of the mines. He was a trip rider at the time he retired by reason of disability. He has not endeavored to find other work since retiring.

■ The record establishes that appellant has a pulmonary impairment, but not in such a degree of severity as would incapacitate him, or deny him the residual capacity for the performance of substantial gainful activity in other work areas. This is not enough to disable him within the meaning of the Act. Celebrezze v. O'Brient, 5 Cir., 1963, 323 F.2d 989. While there is some divergency between the findings of the medical doctors, they uniformly demonstrate that the total volume of air which he was able to exhale following maximum inspiration is not substantially less than the predicted normal. The only other impairment suggested was heart trouble, but this condition was diagnosed by only one doctor, and the other doctors did not agree with this diagnosis.

It is true that appellant has worked only in and around ore mines, but his employment history demonstrates the ability to handle a variety of assignments requiring some degree of manual dexterity and mechanical aptitude. The degree of his physical impairment coupled with this ability makes a case of a person able to perform gainful activity.

■ The standard of review in matters of this kind applicable in the District Court is to determine whether there was substantial evidence to support the find-

ing that appellant had failed to establish the existence of a medically determinable physical or mental impairment which rendered him unable to engage in any substantial gainful activity. And we pass on the identical question in judging the action of the District Court. See Clinch v. Celebrezze, 5 Cir., 1964, decided March 4, 1964, 328 F.2d 778.

■■ This record demonstrates the presence of the necessary substantial evidence. There was no error in the use made of a medical treatise by the hearing examiner under the facts of this case and under the circumstances disclosed in his decision.

Affirmed.

CAMERON, Circuit Judge, participated in the hearing of this case, but died before this opinion was written.