**Nannie T. SMITH, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary, Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 4377.**

United States District Court
W. D. South Carolina,
Greenville Division.

March 16, 1965.

the Social Security Act, as amended, 42 U.S.C. § 405(g) which denied plaintiff's application for disability benefits.

The plaintiff filed her application on September 16, 1960 and she continued to meet the earning requirements through June 1964; the disability to be established must be as of December 16, 1960.

Plaintiff is 54 years of age with a sixth grade education. The only job that she ever held was that of a spinner in a cotton mill. In 1959 plaintiff began having severe headaches, but she did continue to work until May 1960. The plaintiff's condition became worse and the headaches occurred at closer intervals. She also complained of arthritis, which she says mainly affects her right arm. The above complaints expressed in plaintiff's testimony are supported by medical evidence.

Defendant puts much stress on the rule that the opinion of a doctor as to inability to work is not binding but it seems that when one's family physician says to the patient not to work, it is to that person "controlling" and should be given its deserved weight. Frazier v. Celebrezze, 236 F.Supp. 938, 940 (E.D.S. C.1965). The evidence discloses a combination of impairments which are disabling even though each one alone may not be. The hearing examiner in his opinion concedes that severe migraine headaches could be disabling, but denies they are disabling in this case.

In this case both plaintiff and defendant refer to the diagnosis, treatment and report of Dr. Paul W. Peeples of Greer, S. C., plaintiff's physician. In his report of June 6, 1961, we find the following:

"Frequent migraine type headache for past 4 years."

"Frequently confined to bed with nausea and vomiting associated with headache."

"Patient unable to do textile work as she has done in past."

"I believe this patient to be unable to have gainful employment."

Theodore M. Burns, Jr., Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., and James D. McCoy, III, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Action to review the final decision of the defendant under Section 205(g) of

In the report of Dr. Peeples dated January 10, 1963, is found:

"(a) When did present illness or injury occur?—May 1960."

"(b) Date applicant became unable to work?—May 1960."

"Bed confined—Frequently."

"House confined—Frequently."

Singularly the "disability examiner" and the "medical consultant" in a disability determination dated June 24, 1961 which "revises a prior determination prepared on April 24, 1961" report in part:

"Medical report dated 10–27–60 from Dr. L. G. Able shows HCVD with headaches and osteoarthritis of knees and spine. She was seen by this physician for a 'check-up'. Dr. Able states, "In my opinion she can work." Medical report dated 10–25–60 from Dr. Peeples shows migraine headaches, hypertension (BP 175/100), moderately enlarged heart, no dyspnea or angina shown and no edema. Report also shows malnourishment due to frequent nausea and vomiting (patient is 5 ft. high and weighs 107 lbs.) He states 'patient is obviously unable to work.' Consultative examination on 3–28–61 by Dr. Meakin, internist, shows chief complaint to be severe headaches, difficulty with weakness, pain and stiffness of the lower extremities and occasional palpitation. *She however, has no chest pain, is able to mop all the floors and do her house work without chest pain and dyspnea.*"

The record reflects the financial straits of plaintiff. *Somebody* has to do the housework and to attempt to qualify a claimant for substantial gainful employment on such reasoning indicates a misconception of the applicable law.

The report of Dr. A. K. Meakin dated March 28, 1961, states:

"There is a long standing history of vascular headaches with the history being quite suggestive of migraine headaches which apparently have become more frequent over the past 6–12 months and more severe."

In the record is included her statement in her request for hearing as: "I am not able to hold a job. I can't stand up or stay out of bed enough to hold a job. I stay in bed as much as I stay up." This fairly sums up the truth in this case and there appears in the record no substantial evidence to refute it.

Interestingly, the hearing examiner's summary noted:

"During the process of the hearing, careful observation failed to reveal any outward appearances of nervousness, her memory was good, response to questions was adequate, and her thinking was logical and continuous. There were no outward appearances of pain of any type. Her gait was normal and she moved her arms and hands freely during the process of the hearing. It was further noted that while she was waiting for the hearing to commence, she was calmly looking at a magazine."

\* \* \* \* \* \*

"As indicated by the foregoing facts, the claimant's primary impairment consists of headaches. The existence of headaches and their severity is a subjective matter, difficult to evaluate, and *per se,* not incompatible with the performance of substantial gainful work. As stated by the United States Court of Appeals for the Second Circuit (1960) in the case of Adams v. Flemming (276 F.2d 901):

"Judicial notice can be taken of the fact that the human anatomy is subjected to many ills. There are undoubtedly millions of people suffering daily from some infirmity: those who go to work with sinus conditions in varying degrees; those whose arthritic and rheumatic symptoms flare up and subside; those who are afflicted with migraine headaches which seriously affect temporarily their

ability to work; and those who suffer from various spinal ailments and discomforts. None of these persons can be said to be unable to 'engage in any substantial gainful activity.'

"Of course, it does not follow that constant severely painful headaches, if supported by medical or other competent evidence, could not result in a 'disability' within the meaning of the Act. In the instant case the record is devoid of medical evidence based on substantial findings other than the claimant's allegations. Also lacking is competent non-medical evidence to substantiate the claimant's allegation."

"In view of the subjective nature of the complaints concerning headaches, consideration must not be given only to the medical reports but to the claimant's actions and statements as related to her allegations. In this connection, the claimant's testimony at the hearing is most significant when considered in conjunction with her actions. She testified that since leaving home that morning she had developed one of her headaches which was of the usual severity. Nevertheless, during the course of the hearing she demonstrated no outward appearance of pain and passed away time while waiting for the hearing to commence by looking at a magazine. Certainly, a person suffering from a headache of the severity alleged, would hardly feel like looking at a magazine. By the same token, if her headache which she claimed to be of the usual severity, was no more severe than indicated, then it certainly would not be sufficient to prevent her from following her usual occupation."

■ Of course, the Secretary, or his representative, has the duty of weighing the evidence and placing a reasonable interpretation thereon. Bates v. Cele-

brezze, 234 F.Supp. 349, 354 (W.D.S.C. 1964), but here he is incorporating "evidence" into the record to which plaintiff has had no opportunity to respond, or perhaps explain, and seems to have regarded these "observations" as the basis of his conclusion that plaintiff was not disabled within the meaning of the Act.

■ Aside from the basic unfairness of this practice, it seems that in the Examiner's zealousness to protect the public funds he has placed undue reliance on a single portion of the record[1] to the disregard of overwhelming evidence to the contrary. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); Riddle v. Celebrezze, 235 F.Supp. 657, 659 (W.D. S.C.1964). The Act is to be construed liberally if plaintiff brings herself within the ambit of coverage. Malingerers are not to be coddled, but the obvious purpose of the legislation should be taken into account when applying it to the individual claimant.

The hearing examiner shrugged his shoulders at plaintiff's pain, noting its subjectivity. Judge Wyche aptly stated in Kelly v. Celebrezze, D. C., 220 F.Supp. 611, 615:

"The fact that there is such a subjective symptom as pain does not mean that it ranks as a lesser type of disability. In the case of Lewis v. Flemming, 176 F.Supp. 872, on page 876 (E.D.Ark.1959), it was stated: 'There is nothing in the statute or the legislative history which indicates a Congressional intent to exclude disability caused by pain, as contrasted to other types of disability, such as disability resulting from loss of limbs or sight or from mechanical disfunction of the limbs, joints, or other organs of the body. As a matter of fact, common experience and observation teach that in many cases of disability pain in one form or another is the chief and immediate disabling agent. An individual's body may be mechanically

1. There is a good question here as to whether or not these "observations" are a part of the record.

capable of use and function, but the pain resulting therefrom may be so great as to preclude them. Indeed, the nervous system in an effort to avoid agonizing pain may in effect impose immobility and inactivity *upon the person affected; and in* such a case the disability is no less real than it would be if the patient had lost the mechanical use of his body.'

"In the case of Butler v. Flemming, (5 Cir., 1961), 288 F.2d 591, at page 595, it was stated: ' * * * Perhaps it is true that history teaches that "A man may have to endure discomfort or pain and not be totally disabled; much of the best work of life goes on under such disabilities * * *." But the purpose of much social security legislation is to ameliorate some of these rigors that life imposes. Congress has in effect stated that if a person is unable except under great pain to engage in any substantial gainful activity in which he might be employable, taking into consideration his age, training, work experience and physical and mental capacities, he shall be deemed to be disabled for the purposes of this Act.' "

And as this Court observed in Garrison v. Celebrezze, 239 F.Supp. 34, (W.D. S.C.1965) (decided March 10, 1965) "even if the pain were unaccompanied by any objectively observable symptoms which is nevertheless real to the sufferer and so intense as to be disabling it will support a claim for disability benefits." Citing Ber v. Celebrezze, 332 F.2d 293, 299 (2nd Cir. 1964).

Accordingly, it is clear that not only did the Secretary place undue reliance upon one portion of the record to the disregard of overwhelming evidence to the contrary, but that he misapplied the applicable law, giving no weight to plaintiff's subjective symptoms. That is a far cry from the proposition that it is the Secretary's duty to weigh the evidence. For the corollary is that he must place a reasonable interpretation thereon.

The plaintiff was "disabled" during the time in question and the decision of the Secretary must be reversed. Therefore, said decision is hereby reversed and judgment will be entered for plaintiff.

And it is so ordered.