**Braulio Henriquez CANCEL, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 366–65.**

United States District Court
D. Puerto Rico.

April 4, 1967.

Alvaro R. Calderoñ, San Juan, P. R., for plaintiff.

Candita R. Orlandi, Asst. U. S. Atty., San Juan, P. R., for defendant.

## MEMORANDUM OF OPINION

CANCIO, Chief Judge.

This is an action brought before this Court pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405 (g), to review a final decision of the Secretary of Health, Education and Welfare as set forward in the decision reached by the Hearing Examiner on February 27, 1965 (Tr. 6–17) and which became a final decision of the Secretary on June 28, 1965 when the Appeals Council denied Plaintiff's request for review (Tr. 1). The final decision holds that the plaintiff is entitled neither to a period of disability nor to disability insurance benefits on the basis of his application filed on September 5, 1963.

As it appears from the record of the proceedings, both in the administrative level and in this Court, plaintiff is a 54 year old man who was injured on February 27, 1963. At that time he sustained a fall while attempting to jump over a ditch, and fell upon a *machete* which he was carrying in his hand and which produced a lacerating wound to the palm of the right hand, with a severance of two wrist tendons (Tr. 126–127, 132). He received hospital treatment until March 5, 1963 (Tr. 84, 132) and was given outpatient care until June 13, 1963 at the expense of the State Insurance Fund of Puerto Rico (Tr. 84, 129–130, 42).

The medical examinations of this plaintiff all coincide in that plaintiff is almost entirely impaired as to the use of his right hand. The disability estimates vary from 66⅔% disability to total inability of the hand due to loss of function and ankylosis of the fingers. (Tr. 117, 114, 86, 122, 131). In the opinion of at least one of the examining physicians, plaintiff was considered not to be able to work at all (Tr. 114).

Plaintiff was born in 1912 and received an education up to the fourth grade in the rural schools of Puerto Rico. He is literate in Spanish, but can neither read, nor write, nor speak English (Tr. 67–68, 84, 100). Starting at the age of seventeen, he has worked at times as a sander of furniture (Tr. 100) but mostly as a farm laborer, cutting sugar cane, digging ditches, and cleaning up. (Tr. 84). When there was no work in the sugar cane fields, he would work at uprooting tree stumps, and pruning trees (Tr. 37). In short, his main work was that of a sugar cane field unskilled laborer, which required the able use of a *machete* (long knife).

Since the accident, plaintiff claims, and the medical testimony confirms, that he is unable to use his right hand. However, he has been able to use his left hand in order to sweep his abode and to do some light work. Yet, he claims to be unable to open cans and tend to the laundry of his apparel (Tr. 50, 101). At present he is living with his elderly mother and subsists on welfare payments and food parcels which they receive (Tr. 34).

At the hearing, testimony was taken from a vocational expert. This psychologist was present during the hearing and made his evaluations according to what he observed at the hearing and from the evidence there submitted. Apparently he had made and did not make any other examination of the plaintiff either before or after the hearing (Tr. 53). From his testimony it is interesting to note that he made three main findings: (1) That the plaintiff is right handed and that he has a significant impairment of his ability to work with his right hand (Tr. 55); (2) that he is severely limited in so far as the use of his right hand to cut sugar cane, but that he could be trained within six months to do the same job with his left hand; and (3) that, according to the Dictionary of Occupational Titles, there are other types of employment the plaintiff could perform. (Tr. 58–61). It is also significant to note that plaintiff, in answering some questions posed to him by the Vocational Expert, mentioned the fact that he had attempted to learn mat weaving after his accident but had not progressed and was not able to perform satisfactorily (Tr. 57). In this sense, too, the Vocational Expert came to the conclusion that the plaintiff was further

impaired by his inability to see at a close distance (Tr. 55).

In view of the foregoing facts, it was the determination of the Hearing Examiner and of the Appeals Council that plaintiff was neither entitled to a period of *disability nor to disability insurance* benefits. It is also in view of these facts which are gleaned from the evidence presented to the Hearing Examiner that this Court must determine whether or not the Hearing Examiner had sufficient evidence to draw the conclusions that he reached.

The term "disability", as it is defined in the Social Security Act and as it applies in this case, means an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C.A. § 416(i) (1). This means that at the time when plaintiff requested disability period and benefits, he must have been suffering from such a condition and have met the insured status requirements. There is no controversy as to whether the statute's requirements have been met and the only issue before us is whether the Secretary is sustained by the evidence in his finding that plaintiff is not disabled under the terms of the statute.

 The burden of proving a condition of disability under the provisions of the Social Security Act rests upon the plaintiff. Brasher v. Celebrezze, 340 F. 2d 413 (8 Cir., 1965). To do this, plaintiff must bring sufficient evidence before the Hearing Examiner to show that he is in fact medically impaired. When he has done this, the burden is then shifted upon the Secretary to demonstrate that, in fact, plaintiff has other skills which enable him to obtain substantial gainful employment in spite of his impairment. Torres v. Celebrezze, 349 F. 2d 342 (1 Cir., 1965).

 In this case, plaintiff brought evidence of his impairment before the Hearing Examiner. Oral testimony of the plaintiff himself, medical evaluation in the form of documents and the observations of a psychologist were received by the Examiner and admitted as evidence, from which he would draw his conclusions. Now the Court is charged with the duty of determining whether, from that evidence, the Hearing Examiner could draw the conclusions he reached and whether or not these were based on substantial evidence. Lemley v. Celebrezze, 331 F.2d 296 (5 Cir., 1964); Palmer v. Celebrezze, 334 F.2d 306 (3 Cir., 1964).

 The Social Security Act is intended to bring succor to those who are in need of it and fulfill the requirements set out by the law. Hence, the statute is to be construed, wherever possible, to the benefit of the plaintiff who seeks its aid. Instead of a strict interpretation, it must receive a liberal construction if the beneficial results for the people are to be obtained. Smith v. Celebrezze, D.C., 239 F.Supp. 337; Blankenship v. Celebrezze, D.C., 232 F.Supp. 229. This does not mean that the Social Security Act is to be taken as a means of obtaining unemployment benefits nor as a means of furthering vagrancy Yet, when a meritorious case appears, the standards set forth should not be such as to prevent any, save the most destitute cases, from obtaining the benefits of the Act.

There is no question, in this case, that the plaintiff is incapacitated as to his right hand. Certainly, the type of work which he was trained to perform cannot be carried out without the use of that limb. The evidence is entirely uncontradicted on this point. Thus, the reason for denying the benefits sought could be only the opinion of the Hearing Examiner, based on the evidence of the Vocational Expert, that plaintiff could learn to use his other hand to perform the same type of work and that, if not, there are other types of employment open to him.

 These conclusions seem to be based on very slim grounds. In the first place, they are made as alternatives. They cannot be made otherwise, for the

**210**

Vocational Expert did not make any study of the plaintiff or his aptitudes, aside from what he saw and heard during the hearing itself. No objective tests were utilized; no correlation was made between the plaintiff's age and the availability of employment in his community, for handicapped individuals in that age group; no determination was made as to his ability to learn to transfer his talents from the use of his right hand to his left. On the contrary, some mention was made of an attempt by the plaintiff to learn the art of mat-weaving with the use of his left hand. The uncontradicted result was that he was not able to apply himself with sufficient dexterity as to advance in this technique. Furthermore, the employment suggested by the Vocational Expert as being possible are not enough to deny the plaintiff's right to recover if he is disabled. Such employment must not only be possible, it must be probable and available and must enable the individual to substantial gain. It is useless for a plaintiff to be able physically to perform a certain task, if his age, education and experience prevent him from obtaining that particular job or if there is no market available for the services he can perform. Ferran v. Flemming, 293 F.2d 568 (5 Cir., 1957). Once the disability has been shown, as it has been shown in this case, it is up to the government to demonstrate that the type of employment the plaintiff can perform is *generally* available in the community in which he resides. It is not enough merely to mention types of jobs which the plaintiff might conceivably be able to perform. Janek v. Celebrezze, 336 F.2d 828 (3 Cir. 1964). It is most significant that the Hearing Examiner himself considers that the plaintiff "[m]ay have extreme and unusual difficulty in competing for employment due to his condition and combination of impairments" and to the "economically depressed area within which he lives" (Tr. 16).

Considering all of the evidence submitted as a whole, the Court must come to the conclusion that the administrative decision in this case does not come up to the standards required under the Law as interpreted by the courts. There is substantial evidence in this case to show that plaintiff is medically disabled. There is no substantial evidence—practically none at all—to show that plaintiff is in a position to engage in any substantially gainful employment, nor that, if he were, such employment is generally available in the area where he lives.

Since from a review of the entire record it appears to this Court that the Secretary's decision is not sustained by substantial evidence, his decision must be reversed and the case remanded to him for a finding of disability and the granting of disability insurance benefits.

Order to be entered accordingly.