**Verlyn F. BRADY, Plaintiff,**

v.

**John W. GARDNER, Secretary Health, Education & Welfare, Defendant.**

**Civ. A. No. 68–C–8–A.**

United States District Court
W. D. Virginia,.
Abingdon Division.

Sept. 19, 1968.

George B. Cooley, Hillsville, Va., for plaintiff.

James P. Brice, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

Pursuant to 42 U.S.C.A. § 405(g), the claimant, Verlyn F. Brady, has requested this court to review the final decision of the Secretary of Health, Education & Welfare which was adverse to claimant's request for disability insurance benefits and the establishment of a period of disability as provided for in § 223 and § 216(i) of the Social Security Act, 42 U.S.C.A. § 423 and § 416(i), as amended.

The only issue before the court in this review proceeding is whether there was "substantial evidence" to support the Secretary's final decision. 42 U.S.C.A. § 405(g). If the court finds such "substantial evidence", inquiry must cease, and the Secretary's decision will be conclusive. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962). The function of this court is not to review the evidence and factual issues, but only to determine if there was sufficient evidence to support the administrative findings.

Claimant alleges that he became disabled to engage in any substantial employment beginning on September 25, 1966. At that time claimant was working as a bricklayer. He alleges that he was forced to stop working because of a multiplicity of physical and mental defects including nervousness, headaches, arthritic pain primarily in the right shoulder and back, inability to sleep, indigestion, and eye trouble resulting from sensitivity to light. In one of his applications to the Secretary for disability claimant included the additional complaints of diabetes, high blood pressure, dizziness and blackouts.

Claimant was born on December 13, 1929, being 36 years of age when he stopped work on September 25, 1966. He is married and has two children, eight and eleven years of age respectively. He has a ninth grade education. After leaving school claimant worked as a weaver in a textile mill for approximately one year before entering the United States Army in 1951. While in the

armed service, he attended a six weeks course in carpentry and was classified as a carpenter, although he denies having done any carpentry work during his tour of duty. After receiving an honorable discharge from the United States Army in 1953, claimant worked as a brick mason's helper for two years. Thereafter, he worked as a qualified bricklayer for eleven years before stopping work on September 25, 1966.

A hearing was held in claimant's case by the Department of Health, Education and Welfare on November 1, 1967. Therein, claimant explained why he believes himself to be disabled. He complained that he has arthritis in all his joints, being most severe in his back and right shoulder. When he works as a brick mason, his hands get weak, and his back and right shoulder become very painful. His eyes are sensitive to the light, and he has severe headaches. He gets extremely nervous when working, and he "couldn't get along with no one". Record at 25. He has gas pains in his stomach and intestines continually. The primary complaint seems to be his nervousness. Claimant testified that "everything got on my nerves." Record at 25.

Since claimant stopped work, he has worked around his home washing dishes, making the beds, and cleaning the house generally. He works in his one fourth acre garden daily. He drives his car and pick-up truck. He washes, dresses and shaves himself, and he reads the paper and watches television. Claimant has not lost any weight since September 25, 1966, still maintaining his normal weight of 170 pounds. He is five feet, ten inches tall.

The medical evidence submitted in the record is as follows:

In April, 1966, claimant was examined by Dr. Livingood of Herndon, Virginia, for complaints of a cold. Dr. Livingood reports that claimant's urine showed a trace of sugar, but further tests revealed the blood sugar level to be normal. Dr. Livingood told claimant at this time that he was "okay."

In June, 1966, claimant again returned to Dr. Livingood complaining of high blood pressure. Dr. Livingood found claimant's blood pressure to be normal and refused to give him any medication.

Claimant was examined by Dr. Sykes on three occasions, the last one being in December, 1966, less than three months after claimant stopped work. The only complaints were sinus trouble, coughs, and nervousness. The doctor diagnosed claimant's condition to include nervousness, sinus trouble and a bronchial condition.

Also in December, 1966, claimant received an extensive examination by the Veterans Administration Regional Office at Roanoke, Virginia. Claimant then complained that his nervousness, headaches and eye trouble had caused him to stop work. He also complained that his hands were stiff and that he experienced pain in his hands and shoulders when he tried to grip an object with his hands. The examination showed no eye condition other than minor astigmatic refractive error; his vision in the right and left eyes was 20/30 and 20/20 respectively. No swelling, redness, or heat was discovered around the hands and shoulder joints. Claimant showed a good range of motion in all joints. However, a minimal arthritic condition was detected in an x-ray of his right arm. It was noted that claimant perspired a great deal and was nervous. The most revealing information is given by the psychiatrist, Dr. Beck, who examined claimant for the Veterans Administration. Dr. Beck reports the following:

* * * [claimant] gets tense and jittery. He just wants to run away from things. Everything gets on his nerves. He gets worried at a job and then he takes it home with him and is unable to sleep, * * * He perspires a great deal, noises bother him and at times his heart will beat hard and fast. His main difficulty he states besides insomnia is visual in character in that when laying brick 'my eyes move slowly so I can't do it and he

(sic) can't see the lines right.' Then also he says his right hand will get weak and then he will have pain in the arm and shoulder. This, of course, is associated with the above (sic) is a conversion phenomenon. Record at 71. Dr. Beck diagnosed claimant's symptoms as being the result of "anxiety reaction with conversion symptoms," and gave his opinion that claimant was competent with no psychosis and without any need of hospitalization. Record at 72.

Dr. Martin treated claimant between 1958 and 1967, his last observation being on March 6, 1967. Dr. Martin reveals that claimant had a history of acute coryza and bronchitis in 1957, pylora spasm in 1958, sinus infection in 1959, indigestion in 1961, and costochondral separation in 1963. In the last examination on March 6, 1967, claimant had multiple complaints, but Dr. Martin "could find no evidence of organic disease other than possible pylora spasm, possible anxiety reaction, with slight sinusitis." Record at 82.

From a review of the medical evidence it is obvious that claimant's primary difficulty is anxiety. The psychiatrist, Dr. Beck, states that many of claimant's physical symptoms such as weakness and pain in his hands and shoulder and the difficulty with his eyes are conversion phenomenon resulting from his anxiety. Claimant's headaches and indigestion may also result in large part from his anxiety. Claimant's complaints of diabetes and high blood pressure are disproved by clinical tests and need not be further considered. Slight arthritis was shown in an x-ray of claimant's right shoulder, but this doesn't prevent free motion of his joints.

Claimant is attempting to establish that he has a "disability" under sections 216(i) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423, as amended. A "disability" is defined in these sections as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months, * * *."

█ █ Note that the definition of the term "disability" requires that the inability to work be caused by a *"medically determinable* physical or mental impairment"* [italics supplied]. Claimant has the burden of establishing such a *"medically determinable* physical or mental impairment."* To meet this burden, he must produce sufficient evidence to show that he is in fact so medically impaired. Brasher v. Celebrezze, 340 F.2d 413 (8th Cir. 1965); Cancel v. Gardner, 268 F. Supp. 206 (D.Puerto Rico 1967). Claimant's subjective statements of discomfort are not sufficient to carry this burden of proof; he must also submit objective evidence determined by medical findings. Johnson v. Flemming, 188 F.Supp. 447 (D.Ore.1960); Jacobson v. Flemming, 186 F.Supp. 936 (S.D.N.Y.1960). "An individual shall not be considered to be under a 'disability' unless he furnishes such proof of the existence thereof as may be required." 42 U.S.C.A. § 423.

█ There is substantial evidence to support the finding that claimant has not carried his burden of proof. His subjective complaints are not sufficiently supported by objective evidence determined by medical findings. In fact the objective medical evidence refutes much of claimant's testimony. The medical evidence reveals no organic disease and disproves the complaints of diabetes and high blood pressure. Claimant has not established a physical or mental impairment that is "medically determinable." The medical evidence supports claimant's testimony of some arthritic pain in his right shoulder, but the x-ray showed only a minor condition, not one that should interfere with gainful employment. There is no doubt that claimant has a nervous condition and this appears to be his real difficulty. But this condition of anxiety is not disabling. Dr. Beck says that claimant has no psychosis, is competent and needs no hospitalization.

Claimant still has full motion of all his joints and is able to work in his garden, clean the house and drive his automobile. He is also able to read the paper and watch television. This evidence of activity supports the Secretary's findings that claimant is not disabled.

The court realizes that claimant's anxiety is causing him discomfort, and his conversion symptoms may well seem to him as real as if they resulted from organic causes. But his degree of discomfort is not sufficient to compel the reversal of the Secretary's findings. Since the medical evidence refutes much of claimant's testimony and adequately supports the Secretary's decision adverse to claimant's request, the court feels that claimant failed to carry the burden of proving a "disability" and finds substantial evidence to support the Secretary's decision.

Therefore, it is adjudged and ordered that the Secretary's decision be affirmed.

The Clerk of this court is directed to send copies of this opinion and judgment to counsel of record.