Percy F. HICKS, Appellant,

v.

Arthur S. FLEMMING, U. S. Secretary of Health, Education and Welfare, Appellee.

No. 19307.

United States Court of Appeals Fifth Circuit.

April 19, 1962.

Rehearing Denied May 21, 1962.

Percy F. Hicks, New Orleans, La., for appellant.

Gene S. Palmisano, Asst. U. S. Atty., New Orleans, La., for appellee.

Before JONES, WISDOM, and GEWIN, Circuit Judges.

WISDOM, Circuit Judge.

The claimant, Percy Hicks, appeals from a summary judgment affirming an administrative decision that denied his application for disability insurance benefits under the Social Security Act. The question presented is whether substantial evidence supports the determination that Hicks was not under a "disability" within the meaning of 42 U.S.C.A. §§ 416 (i) and 423. We affirm.

Hicks is fifty-five years old. He left school in the eighth grade at the age of fourteen and took a job in the merchant marine. He followed the sea for more than twenty years. In January 1945 he became ill and was admitted to the United States Marine Hospital at New Orleans. Doctors there diagnosed his condition as "pneumococcus lobar pneumonia; empyema, right lower lung following pneumonia" (accumulation of pus between chest cavity and lung). A thoracoplasty was performed (removal of ribs to collapse diseased parts of the lung), and in May Hicks was transferred to the out-patient department. A month later he was readmitted to the hospital because of a persistent draining sinus in the wound where his skin had been cut open for the chest surgery. He stayed in the hospital until July 18 when he was discharged, but he was back again July 30. This time the diagnosis was: "infected wound of skin, post operative; sinus of right thorax following thorocotomy; partial abscess of 3rd, 4th, and 5th ribs, right following operation". He remained

hospitalized through April 1946 when he again was transferred to the out-patient department. Throughout this period he was classified as disabled and not fit for duty. March 4, 1947, Hicks was permanently discharged from the out-patient department; his condition was described as "fit for some type of light inside duty."

Unable to follow his former work, Hicks received vocational rehabilitation from the Louisiana Department of Health beginning April 20. A doctor who examined him in connection with his vocational training noted: "Client expresses interest in doing mechanical work with his hands. Preference in the electrical appliance line. Client has good use of fingers and gross arm-hand movement of both hands and eye-hand coordination is good. He is in the lower quartile in speed, however, in these manipulations become improved with practice. [sic.]" In September he obtained a job at an automobile electrical shop in New Orleans where he performed a variety of odd jobs such as sweeping out the shop, insulating armatures, and operating small lathes. He worked a forty-hour week and was paid $26 a week. This lasted for nearly two years until he was laid off in June 1949. The State of Louisiana, Division of Vocational Rehabilitation reported: "[Hicks was dismissed] because of a reduction in force. An offer to help the client was made but he did not respond. Follow-ups were made over the next several months without success, or interest on the part of Mr. Hicks. Case was closed 2-13-50." Hicks applied for and received unemployment compensation.

Sometime in the next year or two he found a job as a dealer in a poker game at a bar and pool room and worked there for a few months. He was laid off temporarily but later was rehired, and he worked an additional two or three months before being again laid off. While he was employed, he worked eight hours a day, six days a week and was paid five dollars daily. Each time he was laid off because business was slow, though he testified that he was constantly bothered by asthma, coughing, and shortness of breath. For a while Hicks again received unemployment compensation. Thereafter he had no income of his own. In September 1957 he filed this application for disability payments. Hicks pushed his case through a series of administrative hearings, decisions, and appeals. At each point he was found not to be under a disability within the meaning of the Act. Finally he appealed to the district court where his claim met with an early defeat, and then, still persisting, he brought his case here for review.

■ Section 416(i) defines the term "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * *." The nub of this case is whether Hicks is able to engage in "any substantial gainful activity." Hicks testified that his present condition is the same as it was when he left the United States Marine Hospital in 1947, and the medical testimony indicates that this is true.[1] At a hearing on his application Hicks described his illness as an inability to sleep at night from coughing, because of his asthma and a susceptibility to coughing resulting in dizziness and shortness of breath if he overexerted himself. Hicks.

---

1. For an individual to recover disability payments he must show that his disability arose while he possessed an "insured status" and continued from such a time until he filed his application benefits. 42 U.S.C.A. § 416(i) (3). A person has an insured status when he has had six quarters of employment coverage within the last thirteen quarters and twenty quarters of coverage in the last forty quarters. See 42 U.S.C.A. § 413. Since the plaintiff has not had an insured status since the first quarter of 1951 it would be necessary for him to show that his disability arose before that time. This factor loses practical significance due to the unchanging nature of Hicks' condition throughout the long period under consideration.

lives by himself, takes care of his personal needs, and walks without assistance. He spends much of his time reading reports of old trials. Dr. Emile Block, who examined Hicks April 5, 1946, testified that, unless complications had developed in Hicks' condition, he was not disabled from employment and could perform light work as a seaman. Dr. Carl Dicharry, who examined Hicks February 18, 1959, concluded that "this individual could be gainfully employed; however, anything over mild or moderate exertion does produce discomfort in this individual." This evidence indicates that Hicks' health throughout this long period limited his activities but did not incapacitate him entirely.

■■ To establish a disability under 42 U.S.C.A. § 416(i) a claimant must do more than show that he is unable to do his former work; he must be unable to perform any substantial, gainful work, including work of a physically or emotionally lighter type. Fuller v. Folsom, W.D.Ark., 1957, 155 F.Supp. 348. This Court has said that the disability insurance law is not to be applied in a niggardly fashion. "[T]he purpose of much social security legislation is to ameliorate some of these rigors that life imposes." Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591, 595. All the circumstances of each case must be considered in making the determination whether an applicant is able to work.[2] In testing a claimant's capacity to work, however, his age, training, work experience, and physical and mental faculties must be considered. Aaron v. Fleming, M.D.Ala., 1958, 168 F.Supp. 291; Jacobson v. Folsom, S.D.N.Y., 1957, 158 F.Supp. 281. "Such a determination requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what

applicant can do? Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available." Kerner v. Flemming, 2 Cir., 1960, 283 F.2d 916, 921.

■■ In the instant case substantial evidence supports the determination that Hicks is not under a disability. His own testimony and the medical evidence indicates a capacity to do light work. In 1947 when finally discharged from the Marine Hospital Hicks was thirty-nine years old, no longer a young man but still young enough to learn a new trade. Through vocational retraining he found a new job and for nearly two years he earned an annual income of approximately $1300. The mere fact that he worked does not disprove his disability, since work could have been forced upon him to keep the wolf from the door. Flemming v. Booker, 5 Cir., 1960, 283 F.2d 321, 323. But here it appears that the applicant was fully able to perform that work. Hicks's rate of annual earnings from the automobile shop and from the pool hall both exceeded the $1200 figure that has previously been used as a rough rule of thumb to measure substantial employment in disability cases. See Flemming v. Booker, 5 Cir., 1960, 283 F.2d 321, 323.

The hardship here seems to lie more in Hicks's inability to find employment than in his incapacity to work. Despite our natural sympathy for Hicks's plight, we cannot order unemployment compensation under the guise of disability insurance. We hold that the administrative officers were justified in this case in finding that Hicks was not under a disability preventing him from engaging in "any substantial, gainful activity".

The judgment is

Affirmed.

2. Various sets of circumstances are discussed in the administrative regulations. 20 C.F.R. § 404.1502. The regulations suggest that this is a borderline case but are not helpful in pointing to a resolution of it.