Webster J. EDGERLY, Appellant,

v.

Abraham A. RIBICOFF, Secretary of
Health, Education, and Welfare,
Appellee.

No. 19470.

United States Court of Appeals
Fifth Circuit.

Dec. 27, 1962.

E. E. Talbot, Jr., W. Eugene Davis,
New Orleans, La., for appellant.

Joseph D. Guilfoyle, Acting Asst.
Atty. Gen., Kathleen Rudell, U. S. Atty.,
John G. Laughlin, Pauline B. Heller,
Attys. Dept. of Justice, Washington, D.
C., for appellee.

Before HUTCHESON, WISDOM and
GEWIN, Circuit Judges.

PER CURIAM.

The appellant, Webster J. Edgerly,
brought suit under the Social Security
Act [1] seeking a review of a decision of the
Secretary of Health, Education and Wel-
fare holding that appellant was not en-
titled to old age insurance benefits be-
cause he did not have the requisite mini-
mum of six (6) quarters of coverage as
an "employee" as required by the Act.
The United States District Court for the
Eastern District of Louisiana affirmed
the decision of the Secretary, entered
summary judgment in his favor, and the
appellant appeals from that decision of
the District Court. Appellant concedes
that in order for him to recover it is nec-

[1]. 42 U.S.C.A. § 405(g).

essary that this Court find that he was an employee of Farrell-Birmingham Company, Inc. during the crucial period involved.

Appellant is a graduate engineer with 35 years experience prior to the year 1947 during which year he seeks to establish that he was an employee of the above mentioned company. A full outline of the facts is not necessary to a decision here, but it is admitted that during the period in question Farrell-Birmingham Company, Inc. had obtained a contract to construct two sugar factories; but since no arrangements had been made with the local electrical union, the company was unable to employ electricians because of a local difficulty. Appellant asserts that he entered into an agreement with the company to act as though he was an electrical contractor on the job so that the union electrical personnel could be hired to perform the work. It is asserted that there was a secret understanding between the appellant and the company to the effect that appellant was not in fact a contractor but an employee.[2] He was paid 5% of the total payroll and appellant hired union personnel, kept time records, filed tax returns and performed other administrative tasks. Appellant performed no manual labor, had no fixed hours of work and during the same period of time was engaged in other work some distance from the location where the company contract was being performed. The company records listed appellant as a subcontractor and the company did not file tax returns or pay Social Security taxes on the appellant. Ten years later in 1958 appellant sought, unsuccessfully, to have the company sign Social Security forms for him.

The issue before the District Court under the above mentioned section of the Social Security Act was whether the findings of the Secretary were supported by substantial evidence. The scope of our review is not that set forth in Universal Camera Corporation v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. On this appeal we are required to review the judgment of the District Court and again to pass upon the question of whether the findings of the Secretary are supported by substantial evidence. Flemming, Secretary, v. Booker, 5th Cir., 1960, 283 F.2d 321; Roberson v. Ribicoff, Secretary, 6th Cir., 1962, 299 F.2d 761; Ward v. Celebrezze, Secretary, 5th Cir., 1962, 311 F.2d 115.

We conclude that the findings of the Secretary are supported by substantial evidence and that the inferences drawn therefrom are reasonable. Neither the Secretary nor the District Court misapprehended the facts or misapplied the law.

The judgment of the District Court is Affirmed.

---

2. The following is from appellant's brief, p. 13:
  "Mr. Moore's statement merely reflects the fact that Mr. Edgerly made good his subterfuge of acting as subcontractor."