Preston CLINCH, Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Appellee.

No. 20992.

United States Court of Appeals
Fifth Circuit.

March 4, 1964.

Nelson B. Stephens, Tampa, Fla., for appellant.

Arnold D. Levine, Asst. U. S. Atty., Tampa, Fla., Morton Hollander, Barbara W. Deutsch, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

PER CURIAM.

Appellant petitioned the District Court pursuant to Title 42 U.S.C.A. § 405(g), for review of the administrative denial of disability insurance benefits claimed under the provisions of §§ 216(i) and 223 of the Social Security Act. Title 42 U.S.C.A. §§ 416(i) and 423.

 The standard for review by the District Court was to determine whether there was substantial evidence to support the finding that appellant had failed to establish the existence of a medically determinable physical or mental impairment which rendered him unable to engage in any substantial gainful activity. §§ 405(g) and 416(i), *supra*. See Celebrezze v. Maxwell, 5 Cir., 1963, 315 F.2d 727, where we said that it is only where there is no substantial evidence from which the Secretary could have made his finding that the District Court, and this court, may modify or reverse the decision reached by the Secretary. Also, we noted in Flemming v. Booker, 5 Cir., 1960, 283 F.2d 321 that we, in reviewing the judgment of the District Court, "pass upon the identical question of law, i. e., whether the findings of the Secretary are supported by substantial evidence." And, relying on Flemming v. Booker, we rejected in Ward v. Celebrezze, 5 Cir., 1962, 311 F.2d 115, the contention of the Secretary that our review was limited to a determination of whether the District Court misapprehended or grossly misapplied the substantial evidence test. See Edgerly v. Ribicoff, 5 Cir., 1962, 311 F. 2d 645, to this same effect.

 This record discloses the requisite substantial evidence, and it follows that the District did not err in dismissing the petition for review. Cf. Hicks v. Flemming, 5 Cir., 1962, 302 F.2d 470; and Celebrezze v. O'Brient, 5 Cir., 1963,

323 F.2d 989. Neither was there error, absent a good cause showing as was the case, in the denial of the motion to remand the case to the Secretary so that appellant might offer additional evidence. See § 405(g), *supra*.

The judgment is affirmed.