**Walter A. ALDRIDGE, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

No. 21383.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1964.

---

Frank Donaldson, Helena, Ala., and Harold P. Knight, Birmingham, Ala., for appellant.

Stanley D. Rose, Atty., Dept. of Justice, Washington, D. C., Macon L. Weaver, U. S. Atty., Birmingham, Ala., Sherman L. Cohn, Atty. Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., for appellee.

Before RIVES, WISDOM and BELL, Circuit Judges.

PER CURIAM.

This appeal is from an adverse decision of the District Court wherein the denial by the Secretary of appellants' application to establish a period of disability, and for disability insurance benefits under the Social Security Act was being contested. 42 U.S.C.A. §§ 405(g), 416(i) and 423.

The hearing examiner determined that appellant was entitled to disability benefits. The Appeals Council however, on its own motion, decided to review his decision. A number of additional medical examinations were made and the accompanying reports were considered, along with the other evidence, by the Appeals Council. The hearing examiner was reversed.

█ █ The total medical evidence consisted of 18 reports from 11 different doctors and presented a sharp conflict insofar as it related to appellants' ability to engage in substantial gainful activity. This conflict, as the District Court noted, was to be resolved by the Appeals Council on behalf of the Secretary. Celebrezze v. Bolas, 8 Cir., 1963, 316 F.2d 498. Moreover, our role, as was that of the District Court, is limited to a consideration of whether the decision of the secretary is supported by substantial evidence. Clinch v. Celebrezze, 5 Cir., 1964, 328 F.2d 778.

█ The standard to be applied in this case is that set out in Hicks v. Flemming, 5 Cir., 1962, 302 F.2d 470; and Celebrezze v. O'Brient, 5 Cir., 1963, 323 F.2d 989, 992: "To establish a disability under 42 U.S.C.A. § 416(i) a claimant must do more than show that he is unable to do his former work; he must be unable to perform any substantial, gain-

**192**

ful work, including work of a physically or emotionally lighter type."

 Measuring the record as a whole by this standard we hold with the Secretary. The finding of the Appeals Council that appellant's remaining functional capacity was not inconsistent with the ability to engage in light unskilled labor was adequately supported. Thus disability within the meaning of the Act was not established.

The judgment is affirmed.