**Dianne, Sandra and Sharon WILLIAMS, Minor Children of Hazel L. Williams, Deceased, by their father, Cleo Williams, Appellants,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.**

**No. 22150.**

United States Court of Appeals
Fifth Circuit.

March 24, 1966.

deQuincy V. Sutton, Meridian, Miss., for appellants.

Edwin R. Holmes, Jr., Asst. U. S. Atty., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for appellee.

Before RIVES and THORNBERRY, Circuit Judges, and GARZA, District Judge.

PER CURIAM:

In this action to review a decision of the Secretary denying Appellants' claim for children's insurance benefits under § 202(d) of the Social Security Act, 42 U.S.C. § 402(d), the District Court granted a summary judgment for the Secretary.

On its first appearance in this Court, we remanded this case for reconsideration because an incorrect standard with respect to Appellants' burden of proof had been applied. Williams v. Ribicoff, 5 Cir. 1963, 323 F.2d 231. The issue upon which Appellants' claim for benefits depended was whether their deceased mother was a partner with their father in the "Williams Rolling Store" business. Since Appellants had been required to prove the existence of a partnership by "clear and convincing" evidence, we reversed so that the Secretary could evaluate the evidence under the proper standard by which Appellants must prove

their case by a preponderance of the evidence.

After remand, the Examiner took additional evidence, made findings that Appellants had not proved the existence of a partnership by a preponderance of the evidence, and again recommended that the claimed benefits be denied, which was done by the Appeals Council and thus became the final decision of the Secretary.

The District Court affirmed the denial of benefits on the sole issue before it, and before us, of whether there is substantial evidence to support the administrative determination. Clinch v. Celebrezze, 5 Cir. 1964, 328 F.2d 778; Celebrezze v. O'Brient, 5 Cir. 1963, 323 F.2d 989.

After a careful review of the administrative record, we conclude that the decision of the Secretary is supported by substantial evidence, the District Court correctly granted summary judgment for the Secretary, and that judgment is

Affirmed.