Mrs. Mary **KERSEY**

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare.

Civ. A. No. 902.

United States District Court
M. D. Georgia,
Albany Division.

Feb. 3, 1967.

Burt & Burt and Donald D. Rentz, Albany, Ga., for plaintiff.

Floyd M. Buford, U. S. Atty., and Tyrus R. Atkinson, Jr., Asst. U. S. Atty., Macon, Ga., for defendant.

ELLIOTT, District Judge.

This is an action brought under the provisions of Section 205(g) of the Social Security Act, as amended (42 U.S. C. § 405(g)) to review a decision of the Secretary of Health, Education and Welfare.

Plaintiff filed an application for survivor's insurance benefits on August 25, 1964 based on the earnings record of Joe J. Kersey, deceased. The application was for mother's insurance benefits on her own behalf and for child's insurance benefits on behalf of her two minor children, Steve A. Kersey and Joseph M. Kersey. The Social Security Administration determined that Plaintiff was not entitled to benefits as the widow of Joe J. Kersey and that the children were not entitled to benefits under the Social Security law as the children of Joe J. Kersey. Subsequent to this determination the Social Security Act was amended in certain respects and on September 18, 1965 the Plaintiff was awarded child's insurance benefits on behalf of the two children effective September, 1965, it being recognized that the two children were the illegitimate children of Joe J. Kersey and were entitled to benefits under the liberalized relationship requirements provided by the 1965 amendments to the Act, but further determining that the children were not entitled to benefits prior to September, 1965 because the children were not born of a valid common-law marriage, and for the same reason reaffirming the denial of the Plaintiff's claim for mother's benefits.

Upon application of the Plaintiff a hearing was had before a Hearing Examiner on February 3, 1966 and the Hearing Examiner held that the Plaintiff was not entitled to mother's insurance benefits and that her two children were not entitled to child's insurance benefits prior to September, 1965. The Hearing Examiner further held that the Plaintiff was not entitled to a lump sum death payment pursuant to § 202(i) of the Act on the account of Joe J. Kersey.

The Appeals Council reviewed the Hearing Examiner's decision and on June 9, 1966 rendered the Secretary's "final decision" modifying the Hearing Examiner's decision in one respect. The Appeals Council held that Plaintiff was not entitled to mother's insurance benefits and that the Plaintiff's two minor children were not entitled to child's insurance benefits prior to September, 1965, but held further that the Plaintiff, as the legal representative of the estate of Joe J. Kersey, was entitled to the lump sum death payment.

The issue for determination is whether there is substantial evidence in the record to support the decision of the Secretary that Plaintiff is not entitled to mother's insurance benefits as the widow of Joe J. Kersey, and that Steve A. Kersey and Joseph M. Kersey were not entitled to child's insurance benefits prior to September, 1965 as the children of Joe J. Kersey.

The Defendant has filed a motion for summary judgment based upon the record and the Plaintiff has likewise filed a motion for summary judgment based upon the record, and the Court has given

consideration to the briefs submitted by counsel for each side [1] and now files this opinion in compliance with the requirements of Rule 52 of the Federal Rules of Civil Procedure.

The pertinent provisions of § 202(g) of the Social Security Act provide for the payment of mother's insurance benefits to the "widow" of an individual who dies insured under the Act if she has in her care "a child of such individual entitled to a child's insurance benefit". The word "widow" is defined as the "surviving wife" under the provisions of § 216 (c). Section 216(h)(1)(A) of the Act provides that an applicant is the "widow" of an individual if the courts of the state in which such individual died domiciled would find that the applicant and such individual were validly married at the time of his death; or if not validly married, that under the law of such state the applicant had the same status as a widow in taking the intestate personal property of the deceased individual.

Section 202(d) of the Act provides for the payment of a child's insurance benefit to every "child" (as defined in Section 216(e)) of an individual who dies currently or fully insured. The word "child" is defined in § 216(e) to mean, (1) the child or legally adopted child of an individual, and (2) a stepchild who has been a stepchild of an individual for not less than one year preceding the day on which such individual died. Section 216(h)(2)(A) provides that in determining whether an applicant is a "child" of a deceased the test shall be whether such child would take intestate personal property of such individual under the laws of the state in which the individual died domiciled. Section 216(h)(3) of the Act, which permits payment of child's insurance benefits to illegitimate children of the insured individual who was the father of such children, and was living with or contributing to the support of those children at the time of his death, is not effective with respect to

monthly benefits prior to September, 1965, that being a part of the amendments to the Act which were adopted in 1965.

The Georgia Code Annotated, in §§ 74–101 and 74–201, provides that an illegitimate child may be legitimated by the marriage of the mother and the reputed father and the recognition of such child as his. The Georgia Code also provides, in § 74–103, that the father of an illegitimate child may render such child legitimate by appropriate proceeding in the Superior Court of the county of his residence. It is further provided by § 113–904 of the Georgia Code that illegitimate children may not inherit from their reputed father by devolution.

■ The insured worker, Joe J. Kersey, died August 17, 1964 and in the application filed by the Plaintiff on August 25, 1964 the Plaintiff applied for monthly benefits for herself and two minor children. She asserted that the deceased at the time of his death was married to one Lola Eaton and that she (the Plaintiff) never ceremonially married the deceased. The record, therefore, clearly reveals that the claimant and the insured worker never went through a marriage ceremony and that the two children involved are illegitimate. The insured worker died domiciled in the State of Georgia, therefore, the laws of the State of Georgia are applied in determining whether the applicants herein have the requisite relationship to the deceased to meet the requirements of § 216(h)(1)(A) and § 216(h)(2)(A) of the Act.

■ Under the laws of the State of Georgia in order for a valid marriage to exist there must have been a ceremonial marriage or a common-law marriage entered into in good faith. To establish a common-law marriage in Georgia three requisites must be met. There must be (1) parties able to contract, (2) an actual contract of marriage, and (3) consummation by cohabitation in Georgia. An

---

1. No consideration has been given to the affidavit of James M. Collier dated January 5, 1967, filed by Plaintiff.

agreement may be inferred from the cohabitation and reputation unless there is other evidence indicating that such an agreement was not present. In order for a relationship based upon repute and cohabitation to obtain the status of marriage at least one of the parties must have believed in good faith that their marital agreement made them husband and wife. Drewry v. State, 208 Ga. 239, 65 S.E.2d 916.

 The record in this case reveals that the Plaintiff was ceremonially married to one William A. Sitton in 1941. This marriage was terminated by divorce in 1954 in the State of Georgia. It thus appears that the Plaintiff was free to contract a valid marriage with the insured worker. The record further shows that the wage earner had a prior marriage to one Lola Eaton and that this marriage was terminated by divorce in the State of Alabama in 1946. In the divorce decree which was entered in that case the wage earner was denied the privilege of marrying again pending the further action of the court which granted the divorce. However, this restriction had no legal effect outside the State of Alabama, and for this reason the insured worker was not under a legal impediment to enter into a valid marriage when he moved to Georgia.

The vital question in this case is whether the parties ever had a present intention to marry and whether either party believed in good faith that they were married under the common-law concept. It can clearly be concluded from the evidence in the record that both the Plaintiff and the deceased worker were always under the impression that they could not be legally married. The evidence shows that on her application for survivor's insurance benefits filed August 25, 1964 the Plaintiff indicated that the deceased wage earner was still married to Lola Eaton at the time of his death and that she, the Plaintiff, never married the wage earner and that the children were illegitimate. She further

stated that she never married the wage earner because he could not contract marriage, not having been divorced from his first wife. On September 2, 1964 the Plaintiff signed a statement to the effect that she had been living with the wage earner for several years as a matter of convenience and that she never felt that she was married to him because she knew that a ceremony was needed. There is also evidence in the record of statements made by the deceased wage earner to relatives and close associates that he never considered himself married to the Plaintiff for the reason that he believed that he was not able to remarry because of the restriction in the Alabama divorce decree. There was also evidence that he had told other persons that he was not divorced from his first wife. The record further contains a copy of the deceased worker's 1963 federal income tax return, this being the last return filed by him before his death, in which return he claimed status as an "unmarried—head of household" taxpayer and on which he did not claim an exemption for the Plaintiff as his wife, claiming only the two children as his dependents. The record also shows that after the birth of the first child the Plaintiff and the deceased worker apparently had personal difficulties and the Plaintiff filed a bastardy warrant against the wage earner, this being inconsistent with any theory of marriage.

 On the other hand, in support of the Plaintiff's contentions the record contains a considerable quantity of evidence that the wage earner and the Plaintiff held themselves out to the public as being husband and wife and that they did cohabit in Georgia. The birth certificates of the children name the wage earner as their father. Additionally, the Dougherty County Superior Court found the Plaintiff to be the common-law wife of the wage earner and appointed her as the permanent administratrix of his estate after the wage earner's death. This action followed a jury trial.[2]

2. Although the Social Security Administration is bound by state law in determining relationship under § 216(h) (1) (A) and 216(h) (2) (A), it is not necessarily

The Appeals Council gave careful consideration to all of the evidence in the case and stated:

"The Appeals Council has carefully considered all the evidence of record in this case. The Appeals Council recognizes that the claimant was found to be the wage earner's common-law wife by a State court of the wage earner's domicile in an adversary proceeding to establish her status. The Council acknowledges that the conduct and reputation of the parties connotes a matrimonial relationship. The Council is not unmindful of the sanctity of marriage and the legal presumptions which protect such a union especially when the status of minor children is a consideration. However, the Council in viewing the circumstances in this case is constrained to find that there was no present intent between these parties to be married. Although the evidence shows that there was no impediment barring either party's capacity to marry in Georgia, the record shows that the wage earner believed he was not free to marry. He at all times indicated to the claimant that he was not sure that his first wife divorced him and to his family that he was barred from ever remarrying following the divorce. The claimant apparently had no knowledge of the wage earner's divorce until after his death and therefore believed he was not free to remarry.

"While the parties did not enter into a ceremonial marriage because of the mistaken idea that they could not, this mistaken belief also negated the possibility that their cohabitation, without the necessary intent, could establish a valid common law relationship."

■ The scope of judicial review of the Secretary's decision is expressly limited by § 205(g) of the Social Security Act, which provides:

"* * * the court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *"

The finality which attaches to the facts also attaches to the inferences and conclusions drawn from the facts as found, Martlew v. Celebrezze, 320 F.2d 887 (5 Cir. 1963), and the sole issue before us is whether there is substantial evidence to support the administrative determination. Williams v. Gardner, 359 F.2d 65 (5 Cir. 1966). We are not free in this review to substitute our findings of fact for those of the Secretary if there is substantial evidence to support the Secretary's findings and inferences. If there is a conflict in the evidence that conflict is to be resolved by the Secretary and not by this court. Aldridge v. Celebrezze, 339 F.2d 190 (5 Cir. 1964).

■ Although the record as a whole shows that the Plaintiff and the deceased wage earner lived together and held themselves out as husband and wife, there is ample evidence in the record to support the Appeals Council's conclusion that Plaintiff and the wage earner during his lifetime did not have "an actual contract of marriage", as contemplated by Georgia Code Section 53–101 and the decision of the Supreme Court of Georgia in Drewry v. State, 208 Ga. 239, 65 S.E. 2d 916.

Having determined that the decision of the Secretary, as rendered by the Appeals Council, finding that Plaintiff is not entitled to mother's insurance benefits and that Joseph M. Kersey and Steve A.

bound by a state court decision because the evidence before the Social Security Administration may differ from the factual situation presented to the court, however, where a state court decision has been made such decision must be considered with the other evidence before the Administration. Marek v. Flemming, 192 F.Supp. 528 (S.D.Tex., 1961); Miller v. Ribicoff, 198 F.Supp. 819 (E.D.Mich., 1961).

Kersey are not entitled to child's insurance benefits for any months prior to September, 1965, is supported by substantial evidence as contemplated by the Social Security Act, we conclude that the Plaintiff's motion for summary judgment should be and the same is hereby denied and the Defendant's motion for summary judgment should be and the same is hereby sustained, and judgment will be entered accordingly.