Sherman **OVERSTREET**, Plaintiff,

v.

Wilbur. **J. COHEN**, Secretary, Health, Education, and Welfare, Defendant.

**Civ. A. No. 5048–68–P.**

United States District Court
S. D. Alabama, S. D.
June 27, 1969.

Kenneth Cooper, Bay Minette, Ala., for plaintiff.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for defendant.

## ORDER

PITTMAN, District Judge.

Plaintiff seeks review of a decision of the Appeals Council of the Department of Health, Education, and Welfare, adopting a determination of the Hearing Examiner made March 5, 1968, pursuant to a hearing held February 26, 1968, that he was not entitled to a period of disability or to disability insurance benefits under the provisions of Sections 216(i) and 223, respectively, of the Social Security Act, Title 42, U.S.C., Sections 416(i) and 423, in effect prior to the Social Security Amendments of 1965

or as amended thereby, on his application of November 23, 1966.

Review of Social Security cases is not de novo but is limited to a consideration of whether the decision of the Secretary is supported by substantial evidence. Alsobrooks v. Gardner, 357 F.2d 110 (5th Cir.1966).

The sole question before this court then is whether there is substantial evidence to support the Secretary's determination that the appellant is not disabled.

For purposes of this case, disability is defined as follows by Title 42, U.S.C., § 423(d) (1) (A):

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;"

 In order to qualify for disability benefits, the plaintiff must therefore prove not only that his infirmities prevent him from working at jobs he has previously done, but also that he is unable to perform any substantial gainful work. Hicks v. Flemming, 302 F.2d 470 (5th Cir.1962). Thus the relevant legal standard for establishing a disability in many cases involves a dual inquiry:

(1) What can appellant do? and

(2) What employment opportunities are available to a man who can only do what the claimant can do? Hayes v. Celebrezze, 311 F.2d 648, 654 (5th Cir. 1963).

In the evidence before the Hearing Examiner there was considerable conflict regarding plaintiff's physical condition and his ability to work.

Dr. George Halliday, a general practitioner, reported that in his opinion the plaintiff was unable to do gainful employment and that he was 100% disabled for such. (Record 163–164, 176, 182, 260.)

Dr. James B. Thomas, Jr., a general practitioner, recommended complete restriction on any physical exercises. Dr. Thomas also was of the opinion that the plaintiff's physical inability to stand and sit for regular periods or to climb and walk extensively, in conjunction with his age, lack of schooling, and unskilled background, rendered his disability for gainful employment total. (Record 177–178, 181.) As late as May 7, 1968, Dr. Thomas had found that plaintiff's condition had deteriorated and had reached the point of total partial disability, and he felt the plaintiff should receive monthly compensation at the highest level to which he was entitled. (Record 284.)

The reports of Doctors Kenneth Hannon (Record 169–171.), Frederick DeVane, (Record 188.), and Joseph E. Nelms (Record 269.), all orthopedic specialists, do not support a conclusion of total disability. Dr. Hannon diagnosed mild chronic lumbosacral joint disease and remarked "very few of this patient's complaints could be objectively confirmed." (Record 169–171.)

Dr. DeVane reported (Record 186–188.) the plaintiff presented complaints of leg and back pain and of intermittent pain of most joints, currently (in January 1964) afflicting both shoulders. X–rays of both shoulders were taken and showed no bone or joint abnormality. X–rays of the spine disclosed minimal hypertrophic lipping of the second lumbar vertebrae, with no significant finding in the pelvis. A complete examination with range of motion of all joints showed the range of motion to be slightly restricted in the cervical and lumbar spine. Neurological examination showed a decreased sensation to pain of the entire left leg, but the deep tendon reflexes and muscle mass were normal. It was his opinion following the examination, history, and review of x-rays and laboratory studies, that the plaintiff was probably suffering from minimal osteoarthritis, and could do moderate man-

8

ual labor but the old ankle and foot injury might not tolerate hard manual labor.

Dr. Nelms (Record 265–268.) reported finding some slight limitation of motion in all directions of the neck and some restriction of back movement with pain at the extremes of motion. Deep pelvic rocking caused a good bit of pain in the lumbar area. There was some loss of musculature of the right arm and weakness of grip. There was also evidence of pain due to a painful tennis type elbow. However, the reflexes, muscle strength, and sensation of the lower extremities were normal. X-rays of the cervical spine were normal but minimal hypertrophic changes and six degree scoliosis of the lumbosacral spine were observed. Dr. Nelms was of the opinion plaintiff was capable of doing sedentary work and reported that he could not substantiate all the pain that the patient was having.

■ These conclusions represent opinions of specialists in the orthopedic field and serve to create a conflict in the medical evidence. Such conflicts relating to the plaintiff's ability to engage in substantial gainful activity are for the Secretary, not this court, to resolve. Aldridge v. Celebrezze, 339 F.2d 190 (5th Cir.1964).

The court's "[F]unction is not to reweigh the evidence but to determine whether there is substantial evidence to support the Secretary's decision." Rome v. Finch, Sec. of H.E.W., 409 F.2d 1329, 5th Cir., April 15, 1969.

Dr. E. O. Watkins, an experienced vocational consultant, was of the opinion the plaintiff was capable of working as a cashier, sales clerk, mail clerk, night clerk in a hotel, parking lot attendant, watchman or gateman. (Record 80.) Another vocational consultant, Dr. Joyce Chick, enumerated various jobs which the plaintiff was capable of doing: shucking oysters, time keeper, ticket taker or cashier, case-repairman at a bottling company, office work in a lum-

ber yard, furniture refinishing, upholstery work, desk clerk in a hotel or motel. Dr. Chick testified all of this work was available in plaintiff's area. (Record 122–125.)

Dr. William O. Patterson, a psychiatrist, was authorized to evaluate the plaintiff in October, 1967. He reported the plaintiff as competent and able to manage his financial affairs. (Record 275–276) This testimony is consistent with the applicable governing law found in Title 42, U.S.C., § 423(d)(2):

"For purposes of paragraph (1) (A) [supra]—An individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purpose of the preceding sentence (with respect to any individual) 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

§ 158(e) (2) (b) of the Act makes this provision applicable to cases pending in courts where "the decision in such civil action has not become final" and the applicant is living.

■ After a review of the entire record, the court concludes there is substantial evidentiary support for the decision reached by the Hearing Examiner.

It is therefore the judgment, order, and decree of the court that the Secretary's motion for summary judgment be and the same is hereby granted.