**Katie L. TARLETON, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 5275–68–P.**

United States District Court
S. D. Alabama, S. D.
July 11, 1969.

Donald K. Switzer, Mobile, Ala., for plaintiff.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for defendant.

### ORDER

PITTMAN, District Judge.

Plaintiff seeks review of a decision of the Appeals Council of the Department of Health, Education and Welfare adopting a determination of the Hearing Examiner, made July 29, 1968, that she *had failed to establish a period of disability* to qualify for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. Sections 416(i) and 423.

Review of Social Security cases is not de novo but is limited to a consideration of whether the decision of the Secretary is supported by substantial evidence. Alsobrooks v. Gardner, 357 F.2d 110 (5th Cir. 1966). After a review of the entire record the court has concluded that there is substantial evidentiary support for the decision reached by the Hearing Examiner, and that the Secretary's motion for summary judgment must, therefore, be granted.

The test for disability consists principally of two parts: (1) a determination of the extent of the physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in *any* substantial gainful employment. Farley v. Celebrezze, 315 F.2d 704 (3rd Cir., 1963).

The proper test of "substantial gainful employment" is the possibility of

finding employment in *any* field and is not restricted to the type of work * * * of the wage earner prior to disablement. Hutton v. Flemming, 188 F. Supp. 238 (U.S.D.C.Kansas, 1960).

■ The burden of proof is on the claimant to show not only that her infirmities prevent her from working at her former occupation, but also that she is unable to perform any substantial gainful work. Hicks v. Flemming, 302 F.2d 470 (5th Cir., 1962).

Claimant has previously filed two applications for disability insurance benefits. The first, filed February 15, 1961, was allowed on June 15, 1961. However, it was later determined that claimant had recovered from her disability in July 1962. Therefore, her monthly benefits were terminated on December 20, 1962.

A second application was filed on March 4, 1964, and was denied on July 2, 1964.

Claimant did not seek court review of either of her applications.

Claimant filed the application now under review on February 8, 1967. It was denied on July 29, 1968.

A review of the medical evidence reflects the not uncommon conflict of opinion. Of the doctors' reports made after the second determination, supra, that of Dr. Leon v. McVay, Jr. is the only one which indicates a possible total disability. (R. 326)

Dr. Kenneth Hannon concluded that the functional limitations imposed on claimant are minimal, and that in his opinion claimant is able to perform moderate physical exertion on a regular basis. (R. 329–330)

Dr. Rhett P. Walker concluded that claimant might have "a little osteo-arthritis, but there is no significant limitation of motion," and that he would place her American Heart Association classification as II-B (which denotes a mild limitation on physical activity). (R. 334)

Dr. John E. Semon's examination was unable to substantiate claimant's complaints and indicated claimant was capable of doing "light work" as defined on the Physical Capacities Rating Sheet. (R. 358–359)

■ A conflict in the medical evidence is thus created. Such conflicts relating to the claimant's ability to engage in substantial gainful activity are for the Secretary, not this court, to resolve. Aldridge v. Celebrezze, 339 F.2d 190 (5th Cir., 1964).

■ Accordingly, the court concludes that substantial evidence in this application, and that included in previous applications, supports the decision of the Hearing Examiner who denied claimant's claim for disability benefits.

It is therefore the order, judgment, and decree of the court that the Secretary's motion for summary judgment be, and the same is, hereby granted.