Rita M. RAGAN, Plaintiff-Appellant,

v.

Robert H. FINCH, Secretary of Health, Education, and Welfare, Defendant-Appellee.

No. 20209.

United States Court of Appeals, Sixth Circuit.

Dec. 23, 1970.

D. H. Frackelton, Bristol, Va., for plaintiff-appellant; Widener & Frackelton, D. H. Frackelton, Bristol, Va., on brief.

W. Thomas Dillard, Knoxville, Tenn., for defendant-appellee; John L. Bowers, Jr., U. S. Atty., Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., on brief.

Before WEICK, EDWARDS and PECK, Circuit Judges.

PER CURIAM.

Rita M. Ragan instituted this action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of a decision of the Secretary of Health, Education and Welfare denying her application to establish a period of disability and for disability insurance benefits under sections 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i), 423. The District Court had earlier remanded the case to the Secretary, principally because it determined that the evidence on the record required a finding of a more severe impairment of Miss Ragan than the conclusions of the Secretary had shown. Following the taking of further evidence, the Secretary again denied her claim and the District Court affirmed that decision.

Miss Ragan is a single woman 41 years of age, and has lived all her life at home with her family in the Bristol, Tennessee area. Her formal education ended with the eighth grade when she was 16 years old. Shortly thereafter, she began working as a sandwich wrapper for a potato chip company. After about six months, she quit and took a job with the American Thread Company. At American, she operated relatively large machinery and was required to stand continuously, except for rest periods which she took periodically. After ten years of satisfactory service for American, she was laid off due to a change in the operations of the company. For the next four or five years she was unemployed and then, in 1958, she was called back to American where she worked as a "packer" for about two more years. The work as a packer was much more strenuous than any of her previous jobs. She was required to stand full time and place packages weighing as much as 50 pounds on a conveyor. During this period, she began missing work because of nervousness and problems with her back. The company records indicate that she was laid off on October 27, 1960, due to her "inability to maintain attendance for health reasons." Miss Ragan was never employed on a full-time basis again.

In her testimony at the administrative level of this case, Miss Ragan asserted that she was always "disabled", even while working, and that she has been a nervous person all her life. She states, "I would go in and work about an hour the last time when I was a packer and just start jerking all over and get weak and pass out and they would have to come get me and take me home." The only medication she took for this was an anti-depressant drug and tranquilizers which were prescribed by her family doctor, and bufferin to relieve back

pains. At no time did she receive psychiatric therapy.

Up to the present time, Miss Ragan has engaged in light housework while caring for her aged father, who is retired. Both have been living off his retirement income. She did enroll in a program with the Tennessee Division of Vocational Rehabilitation and in January, 1966, started a nine-month secretarial course through that facility. After six weeks in the school she dropped out claiming that the work load was too much for her.

In order to be entitled to benefits under the Act, it was incumbent upon Miss Ragan to prove that she became disabled on or before September 30, 1961, the last date on which she met the special earnings requirements of the Act. A "disability" under the Social Security Act as amended is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months * * *." 42 U.S.C. §§ 416(i) (1) (A), 423(d) (1) (A). Though the Secretary found that Miss Ragan suffered from impairments which have lasted or could be expected to last for more than 12 months, he denied her application on the ground that none of the impairments was sufficient to prevent her from engaging in substantial gainful activity prior to September 30, 1961. He determined that, during the period in question, she could have worked as an inspector in a bottling company and that she was capable of performing various jobs in the garment industry, similar to her work at American Thread.

The impairments which Miss Ragan had as of September 30, 1961, were summarized as the following: an abnormal curvature of the spine when viewed from her front or back, characterized as moderate, with no functional limitations

resulting therefrom; an anxiety neurosis, characterized as chronic, moderate, with episodes of abnormally rapid breathing and abnormally rapid heartbeat. The record indicates that at times she had other physical problems such as chest pains and pain and swelling in her lower extremities, but these problems were not the basis for her claim of disability. The vision from her left eye is only 20/200 with glasses; however, her right eye is normal with correction.

The sole question presented to this Court is whether there is substantial evidence on the record as a whole to support the Secretary's finding that appellant was not "disabled" within the meaning of the Social Security Act on or before September 30, 1961. More particularly, we must find that there was substantial evidence to support the conclusion that she was able to engage in substantial gainful activity as of the critical date. The provisions of the Act place the burden upon the claimant of furnishing to the Secretary such medical and other evidence establishing that she was "disabled" within the meaning of the Act. Miller v. Finch, 430 F.2d 321 (8th Cir. 1970). It is thus the province of the Secretary to weigh all the evidence and to resolve the conflicts on the record. Burdett v. Finch, 425 F.2d 687 (5th Cir. 1970).

There was general agreement among the medical experts that as of September 30, 1961, Miss Ragan should have been able to return to full-time employment. She did not do so. One expert stated positively that her problems with nervousness would not have precluded her from working full time. The secretary may believe or disbelieve the opinions of physicians or other experts within the realm of his duty to pass on the credibility of witnesses. See Lane v. Gardner, 374 F.2d 612 (6th Cir. 1967); Aldridge v. Celebrezze, 339 F.2d 190 (5th Cir. 1964); Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963). We conclude that there was substantial medical

evidence in this case for the Secretary to resolve the questions against Miss Ragan's claim. See Henry v. Gardner, 381 F.2d 191 (6th Cir. 1967).

Affirmed.