**Rose E. SPRADLEY**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. A. No. 8451.**

United States District Court,
E. D. Tennessee, N. D.

April 12, 1974.

was held before a Hearing Examiner at Knoxville, Tennessee on June 13, 1973. A decision was rendered on July 11, 1973, which was thereafter affirmed by the Appeals Council.

Plaintiff submits there is no factual dispute and defendant has moved for summary judgment under Rule 56(b) and (c), F.R.Civ.P.

Plaintiff claims that her disability under the Act is a result of her general physical condition. Particularly, she is afflicted with pulmonary emphysema, a hiatal hernia, sinus problems, gastric disorders, and a gallbladder condition, the latter of which was apparently operated on recently. As a consequence of these disorders, plaintiff experiences various pains. She testified that most of her pain was concentrated in her chest, though the pain varied with her position. The gastric disorder apparently gave rise to a "heavy feeling" in the lower portion of her stomach. Additionally, plaintiff has experienced general pain in her legs.

Doctor Robert E. Wilson has been plaintiff's general physician since July 1970. An examination of Dr. Wilson's clinical notes from July 6, 1970 to August 8, 1972 indicates that Dr. Wilson treated plaintiff for sinus problems and chest pains. On August 25, 1972, Dr. Wilson's notations indicate that plaintiff would be unable to return to work. A discharge report by Chamberlain Memorial Hospital indicates that plaintiff was admitted on March 18, 1972 for treatment of possible kidney and gallbladder disease. Following treatment with IVP, Upper G.I. Series, Barium Enema, a Bland Diet and Valium, she was discharged with a final diagnosis of acute cardiospasm and pylorospasm. A chest X-ray taken by the hospital at that time diagnosed mild pulmonary emphysema.

A report by Dr. William K. Rogers submitted to the Disability Determination Section of the Division of Vocational Rehabilitation of the Social Security Administration on December 11, 1972 indicated that "[h]er chest xray was not

Billy H. Leffew, Rockwood, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Charles N. Stedman, Asst. U. S. Atty., Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action under Section 205(g) of the Social Security Act to review a final determination made by the Secretary of Health, Education and Welfare that plaintiff is not entitled to a period of disability or disability insurance benefits. Plaintiff filed her initial application for benefits on August 30, 1972, at which time she claimed a disability beginning March 1972, at age thirty-nine due to emphysema and a sinus disorder. Following a preliminary denial and reconsideration, a hearing

remarkable. The lung fields were clear except for some general roughness to breath sounds and she had a bronchitis cough." A subsequent examination by Dr. Wilson revealed that her X-ray was negative and her lung fields entirely clear. Accompanying pulmonary function studies showed a minimal loss of pulmonary function, "non obstructive."

A second report compiled by Dr. R. A. Obenour, a specialist in chest disease, included observations pursuant to a general physical examination, family and personal medical history, an X-ray, and a ventilatory function studies report. The X-ray report indicated "[n]o evidence of active disease." A general summary by Dr. Obenour evidences the following medical conclusions:

"This patient has a history consistent with chronic bronchitis. There is a strong family history of tuberculosis and for this reason she should have a tuberculin skin test. Her ventilatory function studies are not impressive and her diffusion capacity is normal, so there appears to be little impairment in regards to her chest. She should, of course, stop smoking."

Doctor Obenour also indicated on a physical capacities evaluation sheet that plaintiff was physically capable of performing light work.

The most recent medical report concerning plaintiff, received and considered by the Hearing Examiner, was a report by Dr. Wilson pursuant to plaintiff's hospitalization in May 1973. At that time, plaintiff complained of epigastric pain radiating up into the left chest and out into the left arm. An examination revealed no significant abnormalities and plaintiff was released on May 7, 1973, the final diagnoses indicating a hiatal hernia and acute gastric and pylorspasm.

In summary, the Hearing Examiner, in arriving at his determination, considered claimant's oral testimony and five independent medical sources: the clinical record of Dr. Wilson from July 6, 1970-August 25, 1972; the report of Chamberlain Memorial Hospital concerning plaintiff's hospitalization in March 1972; Dr. Roger's December 11, 1972 report; Dr. Obenour's September 27, 1972 report; and Dr. Wilson's most recent report.

Plaintiff stated in a summary of her work history that she has worked principally in four different positions: a looper, a waitress, a lathe operator, and a boarder. As a boarder at Burlington Mills from 1963 to March 16, 1972, plaintiff steam-pressed stockings—an arduous and difficult job involving long hours in a humid environment. Chest pains forced plaintiff to leave her boarder position in March 1972. Prior to her employment as a boarder, plaintiff worked as a lathe operator.

While plaintiff testified that she was not able to perform heavy household and cleaning tasks, such as vacuuming, she did state she is able to perform light work and care for her personal needs. Although not active socially, she can drive an automobile. Her husband, Jack Spradley, 60 years old, is presently employed and aids his wife in performing the household chores.

The applicable scope of review of the Court in reviewing the Secretary's decision and the underlying principles of law are settled. Thus, the operative guideline for the Hearing Examiner is set forth at 42 U.S.C. § 423(d)(1)(A).

"(1) The term 'disability' means—(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

Additionally, Section 423(d)(2)(A) expands the meaning of disability:

"(A) An individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, consid-

ering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."

The initial burden of proving her disability lay with the plaintiff in this instance, Ragan v. Finch, 435 F.2d 239 (6th Cir. 1970), cert. den. 91 S.Ct. 1685, 402 U.S. 986, 29 L.Ed.2d 152 (1971), and the Secretary's decision must stand unless it is without substantial evidence in support. Considering the testimony of plaintiff and her husband, together with the medical evidence, the Court concludes that there exists in the record substantial evidence to support the Hearing Examiner's decision that plaintiff was not disabled under the Act.

Absent plaintiff's testimony of pain, there existed no independent evidence that plaintiff suffers a severe impairment. It is well established that the Secretary's finding of disability must be founded upon acceptable clinical or laboratory findings and not the subjective declarations of the applicant. Walters v. Gardner, 397 F.2d 89 (6th Cir. 1968). While the medical reports indicate some possible degree of pulmonary disfunction, it is the Hearing Examiner's function to determine the degree of claimant's disability. Although Dr. Wilson concluded that plaintiff would be unable to return to work indefinitely in October 1972, Dr. Obenour noted that Plaintiff was capable of performing light work. Any conflict in medical evidence is to be resolved by the Secretary. Aldridge v. Celebrezze, 339 F.2d 190 (5th Cir. 1966).

Plaintiff urges that the Examiner's decision is erroneous since it is clear from the proof that she cannot perform her previous job as a boarder. It should be noted, however, that disability under the Act's definition includes inability to work in any area and not just an applicant's previous vocation. 42 U.S.C. § 423(d)(2)(A).

There appearing that there exists substantial evidence to support the Hearing Examiner's decision that plaintiff is not disabled under the Social Security Act, it is ordered that defendant's motion for summary judgment be, and the same hereby is, granted.