772 F.2d 906
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES S. DEAN, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5180
 United States Court of Appeals, Sixth Circuit.
 8/27/85
 
 E.D.Ky.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: LIVELY, Chief Judge; CONTIE and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from a decision of the Secretary denying his application for social security disability benefits. Previous applications were denied and no appeal was taken. After a hearing an administrative law judge found that the plaintiff was not disabled within the definition of the Social Security Act and the Secretary adopted the decision of the administrative law judge. Thereafter, the plaintiff appealed to the district court which affirmed.
 
 
 2
 On appeal the plaintiff contends that the decision of the Secretary is not supported by substantial evidence because the plaintiff's treating physician stated his opinion that the plaintiff was totally disabled and no other physician testified to the contrary, that the vocational expert who testified that there were jobs available for one who was able to perform sedentary work in a clean environment was responding to an incomplete hypothetical question and that the administrative law judge failed to evaluate the cumulative effect of a combination of impairments.
 
 
 3
 In response, the Secretary relies on the testimony of at least two doctors that the plaintiff retained the residual capacity to perform sedentary work in a clean environment and evidence to the effect that the only impairment established by the plaintiff related to respiratory problems and that there was no combination of impairments which the administrative law judge was required to consider, and finally, that the hypothetical question to the vocational expert was in approved form.
 
 
 4
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that there was a conflict in the evidence with respect to the extent of any disability suffered by the plaintiff, that the only impairment identified by any of the witnesses related to respiratory problems and that the administrative law judge did not err in relying on the response of the vocational expert to his hypothetical question.
 
 
 5
 It is the function of the Secretary and not the courts to resolve material conflicts in the evidence in the social security disability case. Ragan v. Finch, 435 F.2d 239 (6th Cir. 1970), cert. denied, 402 U.S. 986 (1971). It is the duty of the court to determine whether the decision of the Secretary is supported by substantial evidence on the record as a whole and to affirm the Secretary's decision if the record contains such evidence. Our review of the present record convinces us that the decision of the Secretary is supported by substantial evidence and that no errors of law occurred in the proceedings.
 
 
 6
 The judgment of the district court is affirmed.