787 F.2d 589
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FANNIE R. DANIELS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 84-5812
 United States Court of Appeals, Sixth Circuit.
 3/18/86
 
 AFFIRMED
 E.D.Ky.
 ORDER
 BEFORE: ENGEL, CONTIE and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of plaintiff's appeal from the district court's judgment affirming the Secretary of Health and Human Services' denial of Widow Disability Insurance benefits. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the certified record, the parties' briefs and the transcript, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff received serious injury when struck by an automobile in June, 1977. She filed a claim for Widow Disability Insurance under section 202(e) of the Social Security Act, 42 U.S.C. Sec. 402(e) in September, 1977. Defendant anticipated that her injury would not exist for twelve months, and hence, plaintiff's claim was denied. After the termination of Social Security and Supplemental Security Income enefits in 1982, plaintiff again filed a claim for widow benefits. The claim was denied and the decision was affirmed subsequent to a hearing in June, 1983. Plaintiff then filed a complaint in the district court on September 12, 1983. The district court granted defendant's motion for summary judgment holding that the Secretary's decision was supported by substantial evidence. Thereafter, plaintiff filed a notice of appeal to this Court.
 
 
 3
 Upon consideration, this panel finds that the district court's decision must be affirmed. On appeal plaintiff desires this Court to consider the alleged wrongful termination of her Social Security and Supplemental Security Income benefits. This issue was not presented in the district court and therefore cannot be considered on appeal. Brown v. Marshall, 704 F.2d 333 (6th Cir.), cert. denied, 104 S.Ct. 120 (1983). Hence, in respect to plaintiff's appeal, this Court's consideration is limited to whether the Secretary's decision denying Widow Disability Insurance benefits is supported by substantial evidence on the record. 42 U.S.C. Sec. 405(g); LeMaster v. Weinberger, 533 F.2d 337 (6th Cir. 1976); Wokojance v. Weinberger, 513 F.2d 210 (6th Cir. 1975); Ingram v. Richardson, 471 F.2d 1268 (6th Cir. 1972). Evidence is substantial when it is more than a scintilla and relevant to the extent that a reasonable mind would accept it as adequate to support a conclusion. LeMaster, supra; Combs v. Gardner, 382 F.2d 949 (6th Cir. 1967). Neither the district court nor the court of appeals can strike the Secretary's decision if supported by substantial evidence. See Gardner, supra.
 
 
 4
 The present plaintiff presented evidence that she has degenerative arthritis and signs of chronic arterial disease which prevent her from performing any type of work. On the contrary, there is evidence in the record to support the Secretary's finding that plaintiff's impairments do not meet or equal the severity of any impairments listed under the regulations for Widow Insurance benefits. 20 C.F.R. Secs. 404.1577, 404.1578, Appendix 7 to Subpart P. It is within the province of the Secretary to weigh all evidence and to resolve conflicts in the record. Ragan v. Finch, 435 F.2d 239 (6th Cir. 1970); cert. denied, 402 U.S. 986 (1971). Accordingly, the Secretary may believe or disbelieve the opinions of physicians or other experts who offer evidence in reference to the claimant's condition. See Ragan, supra; Gardner, supra.
 
 
 5
 It is therefore ORDERED that the district court's decision be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.