845 F.2d 325
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold BLAIR, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant- Appellee.
 No. 87-5464.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Arnold Blair, appeals from the denial of social security disability benefits and supplemental security income benefits. After a hearing, an administrative law judge (ALJ) determined that Blair had no impairments which significantly limited his ability to perform basic work-related activities and, accordingly, he did not suffer from a severe impairment. 20 C.F.R. Sec. 404.1521 and Sec. 416.921. The plaintiff appealed this determination and, after referral to a magistrate, Judge Siler granted summary judgment in favor of the Secretary. After a full review of the record, we conclude that substantial evidence supports the Secretary's decision and affirm.
 
 
 2
 Blair was forty-nine years old at the time of the hearing decision in 1984. He had worked primarily as a truck driver but was laid off when his employer sold the business. Plaintiff found other employment but was again laid off for reasons unrelated to his health or his ability to perform his work. Plaintiff continued to look for work until January of 1984, at which time he filed an application for social security benefits.
 
 
 3
 Blair alleges disability based upon lung problems, shortness of breath, chest pain, a nervous condition, and high blood pressure. In order to establish entitlement to the disability insurance benefits provided by the Social Security Act, a claimant must establish that he became unable to engage in any substantial gainful activity by reason of a physical or mental impairment, the existence of which is demonstrated by medically acceptable clinical and laboratory diagnostic findings. Moreover, the burden of proving disability under the Act rests on the plaintiff. 42 U.S.C. Sec. 423(d)(5)(A). Ragan v. Finch, 435 F.2d 239 (6th Cir.1970), cert. denied sub nom. Ragan v. Richardson, 402 U.S. 986 (1971). Plaintiff has failed to meet his burden in that the medical records do not support his claim of a severe impairment. Blair's allegations of frequent shortness of breath were not supported by the pulmonary function studies which were conducted. Although Blair had a reduced forced vital capacity, after bronchodilation his flow studies improved. He had a normal EKG and normal chest x-rays, except for an enlarged left ventricle of the heart with some linear markings. Also, plaintiff's complaints of chest pain were not supported by clinical findings, and his hypertension was being treated by medication. Plaintiff makes no claim that his medical conditions meet or equal the Listing of Impairments. Additionally, Blair's own description of his day-to-day activities does not lend support to a claim of a severe impairment.
 
 
 4
 At the hearing, plaintiff testified that he had no trouble bending, stooping, standing, handling tools, picking things up or lifting his arms. He testified he could sit without problems. His shortness of breath only manifested itself upon walking up flights of stairs or after a brisk walk, and he acknowledged that he could walk "right smart." Blair also testified that he continued to socialize with neighbors, watch TV, read, go fishing, hunt, and go out to eat. We also find it of significance that plaintiff's cessation of employment was not in any way connected with his health.
 
 
 5
 Given our limited scope of review and being convinced that the record contains substantial evidence supporting the Secretary's decision, we AFFIRM.